ED. PETERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

IDA BELLE PETERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. A. McCARTY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ADAH McCARTY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36066, 36067, 36092, 36093, 42020, 42021, 42027, 42029.
Promulgated April 30, 1932.

*Robert P. Smith, Esq.,* for the petitioners.
*Elden McFarland, Esq.,* for the respondent.

OPINION.

ARUNDELL: The several revenue acts applicable to these cases (Acts of 1921, 1924 and 1926) each permit a deduction in respect of oil and gas wells of "a reasonable allowance for depletion * * * according to the peculiar conditions in each case * * *." Each of the revenue acts (with exceptions not material here) further provides that the primary basis for computation of depletion shall be cost,

with further provisos in the Acts of 1921 and 1924 allowing the use of discovery value in place of cost where the wells were discovered by the taxpayer on or after March 1, 1913, and " where the fair market value of the property is materially disproportionate to cost." The several revenue acts limit the depletion allowance as follows:

Section 214 (a) (10), Revenue Act of 1921:

* * * *And provided further*, That such depletion allowance based on discovery value shall not exceed the net income, computed without allowance for depletion, from the property upon which the discovery is made, except where such net income so computed is less than the depletion allowance based on cost * * *.

Section 204 (c), Revenue Act of 1924:

* * * but such depletion allowance based on discovery value shall not exceed 50 per centum of the net income (computed without allowance for depletion) from the property upon which the discovery was made, except that in no case shall the depletion allowance be less than it would be if computed without reference to discovery value.

Section 204 (c) (2), Revenue Act of 1926:

In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph.

The computations of the parties, which they claim are correct, are as follows:

| Respondent's computation | | Petitioner's computation | |
|---|---|---|---|
| **1923** | | **1923** | |
| Net income before depletion | $52,495.08 | Depletion on 60% discovery interest | $31,497.05 |
| | | Depletion on 40% cost interest | 36,150.82 |
| Depletion on discovery appreciation | 40,400.77 | Total allowable | 67,647.87 |
| Depletion on cost | 36,150.82 | | |
| Total depletion | 76,551.59 | **1924** | |
| Depletion allowable | 52,495.08 | Discovery interest — 60% of net income | $75,853.12 |
| **1924** | | | |
| Net income before depletion | $126,421.87 | Discovery depletion (50% of above) | 37,926.56 |
| 50% of net income | 63,210.93 | Depletion on cost | 67,706.24 |
| Depletion on cost | 67,706.24 | | |
| Depletion allowable | 67,706.24 | Depletion allowable | 105,632.80 |

| Respondent's computation | Petitioner's computation |
|---|---|

**1925**

| Respondent's computation | | Petitioner's computation | |
|---|---|---|---|
| Gross income | $166,374.46 | 60% of net income before depletion | $74,445.22 |
| Net income before depletion | 124,075.37 | 40% of net income before depletion | 49,630.15 |
| 27½% gross income | 45,752.98 | | |
| Depletion on cost | 46,337.03 | 27½% of 60% of gross income | 27,451.78 |
| Depletion allowable | 46,337.03 | Depletion on cost | 46,337.03 |
| | | Depletion allowable | 73,788.81 |

**1926**

| Respondent's computation | | Petitioner's computation | |
|---|---|---|---|
| Net income before depletion | $116,412.68 | 60% of net income before depletion | $69,847.60 |
| 27½% of gross income | 49,828.31 | 40% of net income before depletion | 46,565.08 |
| Depletion on cost | 21,999.65 | | |
| Depletion allowable | 49,828.31 | 27½% of 60% of gross income | 29,896.99 |
| | | Depletion on cost | 21,999.65 |
| | | Depletion allowable | 51,896.64 |

From these computations it appears that the respondent for each of the years figured the depletion separately (1) on cost and (2) on discovery value or in the later years on percentage of income, and compared the two figures, and allowed the greater as a deduction, except for 1923, when the deduction allowed was limited to the net income from the property. Petitioners have figured depletion on cost as being attributable to 40 per cent of their leasehold interest and have added thereto depletion on discovery, or depletion measured by a percentage of income under the later acts, as being attributable to a 60 per cent discovery interest, and claim the total of the two sums as a proper deduction.

The provisions of the revenue acts above cited are designed to permit a return of cost through the depletion deductions authorized. Or, as stated in the Commissioner's regulations:

> The essence of these provisions of the statute is that the owner of mineral deposits, whether freehold or leasehold, shall, within the limitations prescribed, secure through an aggregate of annual depletion * * * deductions the return of either cost of his property, or the value of his property on the basic date * * *. Art. 201, Regulations 62, 65 and 66.

The Revenue Acts of 1921 and 1924 allow depletion deductions on discovery value, limited however, in the 1921 Act to the net income from the property and in the 1924 Act to 50 per cent of the net income. In the enactment of the Revenue Act of 1926, discovery provisions in the case of oil and gas wells were purposely omitted because of the difficulty of administration (see Senate Rept.

No. 52, 69th Cong., 1st sess., p. 17), and in lieu thereof it was provided that depletion deductions should be allowed at the rate of 27½ per cent of gross income, but not to exceed 50 per cent of the net income from the property. All three of the revenue acts provide further that in no case shall the depletion deductions be less than if computed on the basis of cost.

*Years 1923 and 1924.*

Discovery value is limited by law to those persons making the discovery and is not allowed as a basis to purchasers of proven property. The interest on which petitioners are entitled to a discovery value for purposes of depletion is a 60 per cent interest. By the purchase of the 40 per cent interest theretofore owned by other parties, petitioners acquired no right to a discovery value on that interest, because at the time of purchase a discovery thereon had already been made. It is the respondent's position, as we understand it, that the discovery value of the 60 per cent interest theretofore owned by petitioners is to be compared with the cost of the 40 per cent interest (as in the instant case no cost is shown for the 60 per cent interest before discovery), and depletion will be allowed in the greater of the two amounts. While the statement of respondent's position may seem fair and may seem to give that reasonable allowance for depletion that the statute contemplates, a simple example shows its fallacy. If A owns a one-eighth interest in an oil lease acquired without cost and on which he is entitled to a discovery value of $50,000, and thereafter buys another one-eighth interest in the same lease for $49,000, it would be respondent's position that the total depletion on the entire two-eighths interest would be limited to the $50,000 theretofore allowed on the one-eighth interest, for he would take cost or discovery value and allow the greater of the two amounts. In other words no additional depletion whatever would be allowed on the newly acquired one-eighth interest. If, on the other hand, A had acquired without cost a two-eighths interest, and the same discovery had been made, A's basis for depletion allowance on discovery value would be $100,000. So incongruous a result can not, in our opinion, give that reasonable allowance for depletion contemplated by the statute. The difficulty with respondent's formula is that it compares unlike interests—a discovery interest and a cost interest—and allows only a portion of the total depletion sustained. As petitioners are the owners of the entire leasehold, they are entitled to deductions for depletion of their whole interest, and we can not believe the statutes contemplate that the deductions should be reduced by the application of such a formula as worked out by the respondent. While, as

**1370**

pointed out above, cost is the primary basis for computation of depletion, that basis can be applied here to only a portion—40 per cent—of petitioner's interest. The remaining 60 per cent was acquired under circumstances which give the petitioners the right to use a discovery basis. Although the use of discovery value as a basis has been termed an " exceptional benefit " (*Melville G. Thompson*, 10 B. T. A. 25, 29) and an " extraordinary basis " (*S. T. Hunt*, 4 B. T. A. 1077), still, taxpayers are entitled to use it when they come within the terms of the statute. The parties are agreed that petitioners made a statutory discovery when they owned a 60 per cent interest and we see no reason for denying them the right to a discovery basis with respect to that interest. As to the remaining 40 per cent, cost is established and we think petitioners are entitled to use it.

### Years 1925 and 1926.

Discovery basis, as pointed out above, may not be used under the Revenue Act of 1926, which as far as material here, is retroactive to January 1, 1925. Section 286. Depletion deductions are allowable under the 1926 Act equal to 27½ per cent of gross income, and this, in our opinion, precludes any consideration of the source of title. The depletion allowed under this act is to be determined by the amount of income from petitioner's interest in the property during the year without regard to the method of acquisition. An exception is made in cases where depletion based on cost is greater than on the percentage basis, and this has been recognized by the respondent and given effect for the year 1925, the only year in which the exception is applicable under the facts here. It thus appears that the respondent has correctly applied the statute to the years 1925 and 1926.

Concluding, we are of the opinion that the method of petitioners is proper for the years 1923 and 1924, and that the respondent's method is proper for 1925 and 1926.

Reviewed by the Board.

*Decision will be entered under Rule 50.*